
UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt- Division

2016 JUN 23 PM 3:03

U.S. BANKRUPTCY COURT
DISTRICT OF MARYLAND

IN RE:                              )
    ESTHER LEWIS                  )    Case No. 15-17249DK
              Debtor.        )    Chapter 11

## MOTION TO ALTER, VACATE OR AMEND ORDER DISMISSING CASE AND IMPOSING AN EQUITABLE SERVITUDE AS TO REAL PROPERTY

COMES NOW, DEBTOR, ESTHER LEWIS A.K.A. ESTHER BAGLEY, ("Debtor" or "Lewis") and respectfully moves the Court pursuant to Federal Civil Procedure Rule 59 for an order to alter, vacate or amend the Order entered by the Court on June 9, 2016 dismissing Debtor's Chapter 11 case and imposing an equitable servitude as to all real property. Debtor states the following in support of the instant Motion.

1. On June 9, 2016 the U.S. Bankruptcy Court entered an Order Dismissing Debtor's case, pursuant to the United States Trustee's Motion to Convert Case to Chapter 7 or Dismiss with Prejudice Pursuant to 11 U.S.C. § 1112(b). The Order of dismissal and equitable servitude was entered following a hearing held on May 18, 2016.

2. At the hearing, the Court entered an oral order permitting Lewis 14 days from the date of the hearing to file a motion to convert to a chapter 7, or in the alternative, the case would be dismissed and the Court would impose a two year equitable servitude as to all real property.

3. Lewis did not file a motion to convert to a chapter 7 case. The Court entered its written Order dismissing Debtor's Chapter 11 case and imposed one of the harshest sanctions against the imposition of the automatic stay as to her real property.

4. The Court should vacate, alter or amend its Order of June 9, 2016 in that the U.S. Bankruptcy Judge imposed one of the harshest sanctions available to the Court without any findings of fact and conclusions of law to support such a finding. The Order entered by the Court stating its ruling that the case was dismissed and a two year equitable servitude was imposed as to all real property without clear findings of fact and conclusions of law is inadequate. Federal Procedure Civil Rule 52.

5. The facts of this case do not support such a harsh sanction even if the Court had entered specific findings of fact and conclusions of law. Here, Debtor maintained all monthly operating reports, post petition payments to her creditors and she submitted a partial plan and disclosure statement.

6. Debtor admits that she has filed several Bankruptcy Petitions over a period of (10) ten years in an attempt to reorganizes her finances and save her real properties which she uses for investment purposes (i.e. rentals). Debtor further acknowledges that she has sought several extensions of time to satisfy the requirements of the Bankruptcy Court regarding her submissions.

7. However, in light of Debtor's efforts to maintain her case, these facts are not sufficient to support the Court's finding of dismissal and an imposition of a two year equitable servitude against the imposition of the automatic stay as to Lewis's real property, or even the imposition of conversion to a chapter 7 case.

8. This is particularly true since Debtor has maintained her bankruptcy case as a pro se litigant and the Disclosure Statement and Plan while incomplete provided a clear showing that Debtor's real estate was used or intended to be used for rental income.

9. Lewis maintains that she should have been given the opportunity to complete her Disclosure Statement and Plan as opposed to having been subjected to the harsh sanction of dismissal, or being forced in the alternative to convert to a Chapter 7 case. Debtor submits that in this instance conversion to a Chapter 7 could have resulted in the sale of her real property which amounts to the dissolution of rental income.

10. Debtor contends that the Court should have minimally stated the facts and the conclusions of law to support its decision given these circumstances, particularly since the Courts ruling will have a profound affect upon Debtor's ability to make a living. Debtor reserves the right to submit certain exhibits as a supplement to the instant Motion.

WHEREFORE the premises considered, Debtor prays that the Court will grant this Motion and vacate, alter or amend its Order of June 9, 2016 dismissing Debtor's case and imposing a two year equitable servitude as to real property.

Respectfully Submitted,

*Esther Lewis*
Esther Lewis
2316 Countryside Drive.
Silver Spring, MD 20905
(240) 429-4018

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this __23rd__ day of June, 2016, a copy of the foregoing Motion for Reconsideration was served and/or mailed first class postage prepaid to US Chapter 11 Trustee, and to all other interested parties attached hereto.

*Esther Lewis*
Esther Lewis

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
Greenbelt- Division**

| | | |
|---|---|---|
| IN RE: | ) | |
|    ESTHER LEWIS | ) | Case No. 15-17249DK |
|                Debtor. | ) | Chapter 11 |

**ORDER**

Upon full consideration of Debtor's Motion to Alter, Vacate or Amend Order Dismissing Case and Imposing an Equitable Servitude as to Real Property, the opposition thereto, if any, the record herein and good cause having been shown, it is;

**ORDERED**  that the Motion is Granted, and it is further;

**ORDERED**  that the case is reinstated for all practical purposes, and it is further;

**ORDERED**  that

cc:    Esther Lewis
        2316 Countryside Drive
        Silver Spring, MD  20905

        US Chapter 11 Trustee
        6305 Ivy Lane Suite 600
        Greenbelt MD 20770

        All interested parties

**END ORDER**

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd Day of June 2016 a copy of the Foregoing MOTION was mailed to the following individuals:

Capitol One
7933 Preston Road
Mail Code 31063 Plano TX 75024

Chadwick, Washington
3201 Jermantown Road
Fairfax, VA 22030-2879

Comptroller of the Treasury
Compliance Division, Room 409
301 W. Preston Street
Baltimore, MD 21201-2305

Prince George's County, Maryland
c/o Meyers, Rodbell & Rosenbaum, P.A.
6801 Kenilworth Avenue, Suite 400
Riverdale, Maryland 20737-1385

Esther Lewis
3316 Country Side Drive
Silver Spring, MD 20905-4521

Nationstar Mortgage
8950 Cypress Waters
Blvd Dallas TX 75019

Seterus
14523 Millikan Way,
Beaverton, OR 97005
Beaver, OR 97005

M. Elizabeth Nowinski
Attorney for Old Republic Title Co.
36 South Charles Street
Baltimore Md

Alexandra Spaulding
Chadwick, Washington, Moriarty, Elmore&
3201 Jermantown Road
Suite 600
Fairfax, Virginia 22030-2879

Navy Federal Credit Union
9440 Pennsylvania Ave
Upper Marlboro, MD 20772-3659

Scott R. Robinson
Fisher Law Group
944 Pennsylvania AVE.
Upper Marlboro, MD. 20772
Attorney for:
Navy Federal Credit Union and
Brook Investment Properties

210 Countries LLc
c/o Office of Hedi Kennedy
11422 York Rd, 1st floor
Cockeysville, MD 21030

_Esther Lewis_
Esther Lewis
240-429-4018