

DUNCAN W. KEIR
U.S. BANKRUPTCY JUDGE

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND
# at Greenbelt

| | | | |
|---|---|---|---|
| In Re: | * | | |
| ESTHER LEWIS | * | Case No. | 15-17249DK |
| | * | Chapter | 11 |
| | * | | |
| Debtor(s) | * | | |

### ORDER DENYING MOTION TO ALTER, VACATE OR AMEND

On May 18, 2016, this court held a hearing and took evidence upon a Motion by the United States Trustee to dismiss the Debtor's Chapter 11 case with prejudice in the form of a bar against the Debtor refiling a bankruptcy case for two years. On June 9, 2016, in accordance with the court's oral ruling at the conclusion of the hearing, the court entered an Order (the "Order") dismissing the Debtor's case. The request by the United States Trustee for a bar order was denied; however, the court's ruling and Order included the lesser restriction of imposing an equitable servitude upon the properties owned by the Debtor at the time of the entry of the Order. That servitude provides that if the Debtor files another bankruptcy case within two years, the automatic stay shall not stay actions by secured creditors as against those properties.

On June 23, 2016, the Debtor filed a Notice of Appeal of the Order and on June 24, 2016, the Debtor filed a Motion to Alter, Vacate or Amend the Order ( the "Motion"). Pursuant to Fed. R. Bankr. P. 8008(a), the Bankruptcy Court has authority to deny the Motion and by this Order will do so. The Motion is considered pursuant to Fed. R. Bankr. P. 9023, which provides that Fed. R. Civ. P. 59 ("Rule 59") applies in cases under the Bankruptcy Code. The court notes that Rule 59(e) is the subsection specifically relevant to the relief requested. "While the Rule itself provides no standard for when a district court may grant such a motion, courts interpreting Rule 59(e) have recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening

change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991).

The argument advanced by the Motion is that the Court failed to make sufficient findings of fact as to the imposition of the servitude, which the Debtor describes as a harsh sanction. The Court instead determines that the record is more than sufficient to support the court's ruling and that no basis is shown to alter, vacate or amend the Order. As recited in the record, the Debtor has filed four previous bankruptcy cases seeking to retain her real properties. The most recent prior case was a Chapter 11 case that was dismissed less than four months before the filing of the present case. In each case no successful reorganization was achieved. Meanwhile massive arrearages have accrued on the Debtor's secured debts and large amounts of priority claims (unpaid taxes) have arisen while creditors' attempts to foreclose their collateral have been repeatedly stayed, including a tax sale. The Motion does not argue that dismissal was unwarranted but instead asks the equitable servitude be removed presumably so that another filing by the Debtor of a new case can again prevent action against the properties.

In accordance with long standing precedent and as enunciated in the case of *In re Yimam*, 214 B.R. 463 (Bankr. Md. 1997), upon a finding of futility and a history of multiple filings to establish serial automatic stays, the court may impose a servitude to prevent abuse of the bankruptcy system. In this case such an imposition is amply supported by the evidence which includes the court's records of Debtor's cases. Further, the court imposed a restriction on the Debtor as to future cases, that is less than requested in Trustee's Motion. The servitude does not preclude the Debtor filing a new case to obtain a discharge of her in personam liabilities which the requested bar on new filings would have imposed in addition to preventing further serial automatic stays.[1]

---

[1] On the record, the court announced its intent to delay entry of the Order to allow the Debtor to convert the case to a Chapter 7 and seek such a discharge. The Debtor did not file a motion to convert and subsequently, the Order dismissing case was entered. It appears that the Debtor is intent on being able to gain protection from a new automatic stay rather than a discharge.

For these reasons, it is, by the United States Bankruptcy Court for the District of Maryland,

ORDERED, that the Debtor's Motion to Alter, Vacate or Amend is DENIED.

cc:    Debtor
United States Trustee
Parties requesting notice

**End of Order**